IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA ALDRICH, et al, | **Case No. 13-cv-03711 RS** |
| Petitioners, | **ORDER RE STAY MOTIONS** |
| v. | |
| PROSPECT MORTGAGE, LLC, | |
| Respondent. | |

Pursuant to Civil Local Rule 7-1(b), the parties' respective stay motions are suitable for disposition without oral argument, and the hearing set for November 21, 2013 is hereby vacated. For the reasons set forth below, petitioners' motion will be denied, and respondent's motion will be granted.

This proceeding was initiated by petitioners' filing of a Petition to Compel Arbitration. The petition was not a complaint; while it referred to the underlying disputes between the parties, it advanced no claims for relief other than the request for an order compelling arbitration of those disputes. By written order filed October 3, 2013, the petition was granted, and the Clerk was directed to close the file. The order set forth no deadlines or other terms on which the arbitrations were to go forward, as no disputes regarding such issues had been presented. The order was intended merely to resolve the specific legal issues presented as to whether the parties' contractual

1

United States District Court
For the Northern District of California

agreements to arbitrate remained enforceable or whether petitioners had waived their right to arbitrate.

Relying on section 3 of the Federal Arbitration Act, 9 U.S.C. §3, petitioners seek a "stay" of this action, in lieu of "dismissal," pending disposition of the underlying arbitration proceedings. Section 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

Petitioners point to the Third Circuit's decision in *Lloyd v. HOVENSA, LLC*, 369 F.3d 263 (3rd Cir. 2004), holding that the statutory language *mandates* a stay be granted upon proper application. While petitioners acknowledge that extant Ninth Circuit authority provides that such stays are discretionary, s*ee*, *e.g.*, *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988), they argue the Third Circuit has the better rule. Petitioners contend that even in this circuit, imposing a stay is the preferred, and more common, course.

Regardless of whether imposing a stay is or should be mandatory, or at least preferable, in cases where Section 3 applies, petitioners have not shown this to be such an instance. Section 3 refers to suits or proceedings brought "upon any issue referable to arbitration" and provides for a stay of "the trial of the action." This is not a suit or a proceeding to adjudicate any issue that is arbitrable—the petition did not set out claims for relief against respondent. There are no claims advanced to be tried, and thus no trial to be stayed. Rather, this is what has sometimes been referred to as an "independent" proceeding—one "in which a request to order arbitration is the sole issue before the court." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87 (2000). In contrast, an "embedded" proceeding is one involving both a request for arbitration and other claims for relief. *Id.* "Embedded" proceedings can arise, as in *Lloyd*, *Sparling*, and *Green Tree*, where a plaintiff files

2

1  an ordinary lawsuit, and then the defendant moves for an order compelling arbitration of some or all
2  the claims.

3  In *Green Tree*, the Supreme Court rejected an argument that the distinction between
4  "independent" and "embedded" is useful for evaluating whether a particular order compelling
5  arbitration is *appealable*, holding instead that the proper inquiry is whether there has been a "final
6  decision" within the "consistent and longstanding interpretation" of that term provided by case law.
7  531 U.S. at 88-89.  The *Green Tree* court, however, was addressing appealability under 9 U.S.C.
8  §16, not stays under Section 3.[1]  Nothing in *Green Tree* suggests that the embedded/independent
9  distinction is irrelevant under Section 3, the plain language of which cannot be meaningfully applied
10 to a proceeding that advances no claims in the first instance other than a request to enforce an
11 arbitration agreement.[2]  Accordingly, petitioners' request for a "stay" must be denied.  Section 3 by
12 its terms does not apply here, as there were no claims advanced which could be the subject of a stay.

13 Respondent, in turn, moves for a stay of the order compelling arbitration pending its appeal
14 of that order.  Given that the order set no particular time frame or procedures for arbitration, it is not
15 entirely clear a stay is even necessary.  Nevertheless, because respondent is presently under order to
16 conduct the arbitrations, there is at least some basis for requesting relief during the pendency of the
17 appeal.  Without endorsing respondent's arguments that the appeal has a likelihood of success or at
18 least presents serious questions, and without opining as to whether the order is even appealable, the
19 motion is granted.  In the event the order is not appealable, the Circuit Court will dismiss the appeal.
20 If the order is ultimately affirmed, the only cost will have been some additional delay. The prejudice

---

[1] The court noted that if a stay had been entered, the order would not have been appealable.  It expressly declined, however, to address whether a stay would have been appropriate.  531 U.S. at 87 n.2.

[2] Likewise, because *Lloyd* involved an "imbedded" case, it focused only on the question of whether stays should be imposed even where a court has ordered all the claims advanced in the litigation to be arbitrated.  *See* 369 F.3d at 269-270.  Nothing in the decision suggests that Section 3 applies where there simply are no claims brought in the court proceeding, except the petition for an order compelling arbitration.  Rather, *Lloyd* makes clear that Section 3 comes into play "whenever suit is brought on an arbitrable claim." *Id.* at 269.  Since no suit was brought on any arbitrable claim in this instance, *Lloyd* does not teach that a stay must be imposed, or that there even is anything that could be stayed.

and waste that would result from any reversal, however, even if such an outcome is remote, far outweighs any prejudice from a stay, in light of all the circumstances present here.

Finally, nothing in this order is intended to alter the appealability or non-appealability of the October 3rd order. That order was intended to resolve the questions that were before the Court at that juncture. Whether that resulted in an appealable order or not is a matter within the appellate court's own jurisdiction to decide.

IT IS SO ORDERED.

Dated: 11/18/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4